THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 23, 1968

Honorable F. T. Graham
Criminal District Attorney
Cameron County
Brownsville, Texas

Dear Mr. Graham:

Opinion No. M-220

Re: Validity and constitu-
tionality of S.B. 94,
Acts 60th Leg., 1967,
(Art. 6252-17), and re-
lated questions.

You have requested an opinion from this office on certain provisions of Senate Bill 94, Acts 60th Legislature, Regular Session, 1967, Chapter 271, page 597 (hereinafter referred to as S.B. 94), Article 6252-17, Vernon's Civil Statutes.

In particular you have requested this office to answer certain questions, which we will set out as follows:

(1) Does S.B. 94 contravene Section 10 of Article I of the Texas Constitution?

(2) What is a "meeting" or "session" as set out in S.B. 94?

(3) What is the meaning of "open to the public" as set out in S.B. 94?

(4) What is the meaning of "closed to the public" as set out in S.B. 94?

(5) What meaning or effect is to be given to the language of Section 4 of S.B. 94, which requires a member to cause his dissent to be recorded in the minutes or record of the meeting?

S.B. 94 reads as follows:

"Section 1. (a) Except as otherwise pro-
vided in this Act, every regular, special, or
called meeting or session of every governmental
body shall be open to the public.

"(b) A 'governmental body,' within the mean-
ing of this Act, is any board, commission, depart-
ment, or agency within the executive department of

- 1054 -

Hon. F. T. Graham, page 2 (M-220)

the state, which is under the direction of three or more elected or appointed members; and every Commissioners Court and city council in the state, and every deliberative body having rule-making or quasi-judicial power and classified as a department, agency, or political subdivision of a county or city; and the board of trustees of every school district, and every county board of school trustees and county board of education; and the governing board of every special district heretofore or hereafter created by law.

"Sec. 2.    (a) The provisions of this Act do not apply to:

"(1) deliberations during a meeting to consider the appointment, employment or dismissal of a public officer or employee or to hear complaints or charges brought against such officer or employee, unless such officer or employee requests a public hearing;

"(2) deliberations pertaining to the acquisition of additional real property;

"(3) deliberations on matters affecting security; or

"(4) any investigating committee of the Legislature.

"(b) A governmental body may exclude any witness or witnesses from a hearing during examination of another witness in the matter being investigated.

"(c) Nothing in this Act shall be construed to prevent a governing body from consulting with its attorney.

"(d) Nothing in this Act shall be construed to affect the deliberations of grand juries.

"(e) The provisions of this Act shall not apply to periodic conferences held among staff members of the governmental body.  Such staff meetings will be only for the purpose of internal administration and no matters of public business or agency policies that affect public business

will be acted upon.

"Sec. 3. Any interested person may commence an action either by mandamus or injunction for the purpose of stopping or preventing violations or threatened violations of this Act by members of a governing body.

"Sec. 4. Any member of a governing body who wilfully calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who wilfully closes or aids in closing a regular meeting or session to the public, or who participates in a regular, special, or called meeting or session which is closed to the public without causing or attempting to cause his dissent to be entered in the record or minutes of the governing body, shall be guilty of a mis- demeanor and shall be fined not less than $25 nor more than $200 on the first offense, and shall be fined not less than $100 nor more than $500 on each subsequent offense.

"Sec. 5. If any provision of this Act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or application, and to this end the provisions of this Act are declared to be severable.

"Sec. 6. All laws or parts of laws in con- flict with the provisions of this Act are repealed to the extent of such conflict only.

"Sec. 7. The importance of assuring that the public has the opportunity to be informed concern- ing the transactions of public business creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended; and that this Act take effect and be in force from and after its passage, and it is so enacted."

Section 10 of Article I of the Texas Constitution pro- vides in part:

"Sec. 10. In all criminal prosecutions the

> accused shall have a speedy public trial by an
> impartial jury. He shall have the right to demand
> the nature and cause of the accusation against him,
> and to have a copy thereof. . . ." (Emphasis
> added.)

We can see from a reading of S.B. 94, supra, that it was the intention of the Legislature to prohibit certain governmental bodies from holding meetings that are closed to the public, except those excluded by Section 2 of the Act.

In 12 Tex.Jur.2d 385-386, Constitutional Law, Section 42, it is stated:

> "Although a statute will not be declared
> constitutional for the mere reason that it has been
> enacted by the legislature it is presumed that the
> legislature has acted within its powers, and a duly
> enacted statute is presumed to be constitutional.
> And if there could be a state of facts justify-
> ing the legislative action it is presumed that
> such a state of facts exists. The presumption
> also exists that the legislature considered the
> constitutionality of all measures enacted by it
> and that it desired and intended to enact a
> valid law. And when a legislative act is sus-
> ceptible of more than one interpretation, one
> of which would effect a valid enactment and an-
> other of which would render the act unconstitu-
> tional, it is presumed that the legislature in-
> tended the interpretation that would effect a
> valid enactment." (Emphasis added.)

It appears from a reading of Section 4 of S.B. 94, supra, that the language used is clear and unambiguous and that a person charged with the violation thereof would be fully apprised of the nature and cause of the accusation against him, and Section 4 contains no language that would deprive him of a speedy public trial by an impartial jury. Therefore Section 4, supra, does not contravene Section 10 of Article I of the Texas Constitution, and is therefore constitutional.

We next consider the question of what is a meeting or session as set out in S.B. 94, supra.

In the case of Town of Hodgenville v. Kentucky Utilities, Co., 61 S.W.2d 1047-1048 (Ky.Ct.App. 1933), the Court in interpreting the word "session" stated:

> "[T]he word 'session' may be used synonymous-
> ly with 'meeting' or it may be used in its literal
> sense of 'sitting'.  A meeting may run for a day,
> with a morning session, an adjournment for lunch,
> an afternoon session . . . such sessions clearly
> being but sittings of the meeting.  . . ."

It is our opinion that the word "meeting" and "session" is
synonymous as used in S.B. 94, supra.  A meeting or session is
one in which the members of the governmental body transact
official business with which such agency is charged to perform.

Your next two questions, concerning the meaning of
"open to the public" and "closed to the public" will be con-
sidered together.  In 53 Tex.Jur.2d 270,  Statutes, Sec. 181,
it is stated:

> "The language of a statute is presumed to
> have been selected and used with care and
> deliberation.  Every word or phrase is presumed
> to have been used intentionally, with a meaning
> and purpose . . .  Where the statutory language
> is plain and unambiguous, and expresses a single
> definite and sensible meaning, it is conclusively
> presumed that the legislature intended to convey
> that meaning.  In such a case, it is further pre-
> sumed that if the legislature had not intended an
> expression to convey its plain meaning it would
> have said so, or would have used a different
> term, and would not have left the matter entirely
> to implication."  (Emphasis added.)

We have been unable to find any cases that define
the phrase "open to the public" or "closed to the public."
It is our opinion that the Legislature intended these words as
used in S.B. 94, supra, be given their usual and ordinary mean-
ing.  Therefore, an open meeting is one that the public is per-
mitted to attend.  A closed meeting is one that the public is
prohibited from attending.

In answer to your fifth question, Section 4, S.B. 94,
supra, provides in part:

> "Any member of a governing body who . . .
> or who participates in a regular, special, or
> called meeting or session which is closed to the
> public without causing or attempting to cause
> his dissent to be entered in the record or minutes
> of the governing body shall be guilty of a mis-
> demeanor . . ."

The above quoted provision permits an affirmative defense which could be asserted by the individual charged with a violation of this act, and would be a matter of proof.

### S U M M A R Y

Senate Bill 94, Acts 60th Legislature, 1967, (Article 6252-17, Vernon's Civil Statutes) is valid and constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
W. O. Shultz
Alvin Zimmerman
Houghton Brownlee

A. J. CARUBBI, JR.
Executive Assistant